## DEUBENER v. R. BROWNSON & CO.

Circuit Court of Appeals, Eighth Circuit.
May 3, 1927.

No. 7559.

1. Patents ⊕174—Patent for improvement on article well known and used in trade must receive narrow or restricted meaning.

Patent for an improvement on an article well known and used in trade must receive a narrow or restricted meaning, and any like article made or used, not embodying the precise improvement claimed by inventor, does not infringe.

2. Patents ⊕168(2)—Claims denied Inventor in original application and subsequently abandoned cannot be relied on in infringement suit.

Former claims, denied inventor in original application and abandoned in application for patent with greatly reduced claims, which was granted and accepted, cannot be relied on in subsequent suit for infringement.

3. Patents ⊕328—1,305,198, for an improvement on collapsible paper bag, held not infringed.

Deubener patent, No. 1,305,198, for an improvement on an open-topped collapsible paper bag, held not infringed.

Appeal from the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Action by Walter H. Deubener against R. Brownson & Co. Decree for defendant, and plaintiff appeals. Affirmed.

A. C. Paul, of Minneapolis, Minn. (John R. Donohue, of St. Paul, Minn., and Paul, Paul & Moore, of Minneapolis, Minn., on the brief), for appellant.

Frank Parker Davis, of Chicago, Ill. (H. S. Johnson, of St. Paul, Minn., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This appeal brings up for review an order denying infringement of letters patent granted to Walter H. Deubener, No. 1,305,198, for an improvement on an open-topped collapsible bag, made of paper or other fibrous material, and employed in carrying small packages of merchandise and other articles. For convenience, appellant will be referred to as "plaintiff," as on the record in the court below, and appellee as "defendant."

[1, 2] At a trial of the suit the court below did not pass upon the validity of the one claim of the patent in suit, but contented itself with a holding the bags employed by defendant did not infringe upon any rights guaranteed to plaintiff, conceding the validity of plaintiff's patent. The patent being for an improvement upon an article so well known and used in the trade as a paper or other fibrous open-topped collapsible bag, the claim of the patent alleged to have been infringed must receive a narrow or restricted meaning, and any like article made or used by another, that does not embody the precise improvement claimed

by plaintiff in his patent, does not infringe thereon. I. T. S. Rubber Co. v. Essex Rubber Co., 272 U. S. 429, 47 S. Ct. 136, 71 L. Ed. —— (November 22, 1926). The record discloses the plaintiff in his original applications made claim to a much wider scope of improvement and construction than was allowed him, and for this reason his original applications were denied him; but, as there was presented therein a claim for the manner in which the bottom of the bag is drawn flat against the sides, by drawing the endless cord the one way or the other, which enabled the bags to lie flat upon each other when piled in numbers, leave to renew the application for the patent with greatly reduced claims was granted to and accepted by plaintiff. Thus the former claims denied plaintiff were by him abandoned and cannot now be relied upon. Weber Elec. Co. v. Freeman Elec. Co., 256 U. S. 668, 41 S. Ct. 600, 65 L. Ed. 1162.

Claim 1 of the patent in suit, and the claim relied upon in this suit, reads as follows: "In a collapsible receptacle, side walls adapted to fall against each other, a bottom adapted to fold against either of said side walls and an endless means extending through said side walls and around said bottom, a portion of said endless means forming handles and a portion forming a support for the bottom of said receptacle; said endless means causing said bottom to fold against either of said side walls when either of the handles are drawn taut."

Coming, now, to a construction of the narrow claim of the patent in suit as granted to plaintiff, because of the prior state of the art and prior patents cited against the claim, it is seen about all claimed for the patent is an endless cord threaded through the bag in such manner as to support its bottom and side walls, and to form handles at the top for carrying the same, together with the claim to the manner in which the bottom part of the bag is drawn up to lie flat against its sides. As seen from the record, the endless cord device to support, close, and carry the bag was old and well known in the art long prior to plaintiff's patent, for on January 11, 1919, the honorable Commissioner of Patents wrote solicitor for plaintiff in regard to the then pending application for patent, as follows:

"H. S. Johnson, 908 Guardian Life Bldg., St. Paul, Minn.: Please find below a communication from the Examiner in charge of the application of Walter H. Deubener, filed Nov. 15, 1918, bags, serial No. 262,733. James T. Newton, Commissioner of Patents.

"The claims are rejected on (13) Laird, 708,234, Sept. 2, 1902, 229–54, in view of (59) Rothschild, 1,069,649, Aug. 5, 1913, 229–52, (22) Reed, 587,588, Aug. 3, 1897, 229–52.

"There would be no invention in adapting the strap *32* of Rothschild or cord *9* of Reed to Laird's bag.

"If the applicant thinks he has a patentable feature in the way the bottom is held flat against the side, it should be brought out in the claims. M. K. Saunders, Actg. Exr. Div. 40."

Considering the claim of the patent in suit as thus limited in scope and meaning, it is difficult to conceive how it is infringed, even if considered to be a valid claim; for, when the alleged infringing device employed by defendant is examined, it is seen the bottom of the bag is not so designed as to lie folded against the sides of the bag, the distinguishing claim and feature of plaintiff's patented article.

[3] Again, while there would be much doubt as to the right of plaintiff to contend his patent extends to the endless free-running cords employed, unless from the manner in which the bottom of the bag is controlled by said means, yet, even if so, we find the alleged infringing device employs two cords in its composition, and neither are loose or free-running as in plaintiff's device. On the contrary, the two cords employed to support the bottom and side walls of the bag and to form handles by which the same is carried, yet the two cords are fastened firmly to the bag near the top by staples; hence in no respect do we find the claim of plaintiff's patent infringed by the bags used by defendant.

Finding no error in this record, the decree below must be affirmed.