## NEW ENGLAND FIBRE BLANKET CO. v. PORTLAND TELEGRAM et al.

District Court, D. Oregon. July 29, 1929.

No. E–9008.

T. J. Geisler, of Portland, Or., for plaintiff.

Joseph, Haney & Littlefield and John C. Veatch, all of Portland, Or., for defendants.

BEAN, District Judge. This is a bill charging infringement of a patent issued to Cochran and Youngs on May 22, 1917, for a "make-ready" of impression cylinders of newspaper printing presses, which consists in preparing the cylinders to receive the impression of the stereotype plates carried by the plate cylinders.

The validity of plaintiff's patent is admitted. There is no controversy as to the facts. The only question for decision is whether the device used by the defendant is an infringement of the plaintiff's patent.

Prior to the invention of Cochran and Youngs, the practice in the printing art was to cover the circumference of the impression cylinder of a printing press with a rubber blanket, with a felt blanket superimposed thereon. Difficulty was experienced in thus adjusting the working diameter of the impression cylinder, so that it would run at the same speed as the plate cylinder, owing to the "sinking in" of the felt blanket when in use, for which an estimated allowance had to be made. The improvement of the patentees consisted in the substitution for the blankets formerly used of a blanket made of comminuted cork and linseed oil mixed, heated and spread while hot on a textile base, and rolled to the required thickness, to be used for printing directly on the surface thereof, without any felt or rubber blanket as theretofore. The plaintiff's patent is the combination with an impression cylinder of a "make-ready" consisting of a strip of substantial thickness, made of comminuted cork held in mass by a suitable binding agent and mounted on a base strip adapted to hold the mass against pulling apart, and a draw sheet holding said strip flexed upon the cylinder; said make-ready being made of a thickness adapted for impressing directly thereon.

The defendant uses two thicknesses or sheets of cork blanket, made in substantially the same way as that described in plaintiff's patent, except that it has fabric on each side. The position of the defendant is that plaintiff's patent is an improvement in press blankets, and therefore should be strictly construed, and limited to a "make-ready" consisting of a single blanket or sheet made of comminuted cork having fabric on one side only.

It is often said that pioneer patents are to be given liberal construction, and equivalent devices, though not following in any detail the device described in the patent, are to be held infringements, but that a patent for an improvement in an article known in the art is to be strictly construed, and limited to the particular device or combination claimed. Deubener v. Brownson (C. C. A.) 20 F.(2d) 324; Smith-Lee Co. v. Plympton Paper Products Co. (D. C.) 18 F.(2d) 153; Bull Dog Floor Clip Co. v. Munson Mfg. Co. (C. C. A.) 19 F.(2d) 43. However, as held by the Supreme Court in Eibel v. Paper Co., 261 U. S. 45, 43 S. Ct. 322, 328, 67 L. Ed. 523, this statement is not always accurate, but the court first looks into the art to find the real merits of the alleged discovery or invention, and whether it has advanced the art substantially. In that case the Chief Justice said: "A patent which is only an improvement on an old machine may be very meritorious," and, if "it has advanced the art substantially, * * * the court is liberal in its construction of the patent, to secure to the inventor the reward he deserves," but, if the alleged invention is "on the border line between mere mechanical change and real invention, then his patent, if sustained, will be given a narrow scope, and infringement will be found only in approximate copies of the new device." It is this definition that reconciles the apparent conflicting decisions.

The invention of Cochran and Youngs advanced the art substantially. It was not a mere improvement on make-ready material then in use, but the substitution of entirely new material, and, under the doctrine of the Eibel Case, the patent, in my opinion, is not limited to a make-ready consisting of a single cork blanket, but the use of multiple cork blankets for that purpose with fabric on one side only, or on both sides, is an infringement. The device of the defendant performs substantially the same function in substantially the same manner to accomplish the same results as plaintiff's patent, and is therefore, I take it, an infringement, although plaintiff's patent is not a pioneer patent. Eibel v. Paper Co., supra; Beldam v. Garlock Packing Co., 29 F.(2d) 673.

Decree accordingly.