## LE VINE v. MONTGOMERY WARD & CO. et al.

### No. 2651.

District Court, W. D. Michigan, S. D.
May 28, 1934.

236

Liverance & Van Antwerp, of Grand Rapids, Mich., for plaintiff.

Bair, Freeman & Sinclair, of Des Moines, Iowa, for defendants.

RAYMOND, District Judge. ·

This suit involves issues of validity and infringement of claim 11 of patent No. 1,466,656, issued September 4, 1923, to Barr and Jackson, and of claim 1 of patent No. 1,820,885, issued August 25, 1931, to H. C. Le Vine. Both patents are now owned by plaintiff and are for electric toasters. Two of the defendants, namely, Montgomery Ward & Co., and Knapp-Monarch Company, were not served with process and have not pleaded. The defendant Montgomery Ward & Co., Inc., is a Delaware corporation with an established place of business at Kalamazoo in this district. Claim 11 of the first named patent has heretofore been considered in this court in the case of Le Vine v. Sears, Roebuck & Company, et al., Equity No. 2293,* and was found valid and infringed. Licenses under that patent have been since granted by plaintiff to several manufacturers.

The purpose of patent No. 1,466,656 is stated as follows: "This invention relates to means adapted to toast both sides of a plurality of slices of bread simultaneously and at the same time heat articles placed on the top plate of the toaster, and its object is to provide a device of this character which shall have a maximum toasting effect, which can be cheaply constructed and which will not readily get out of order."

The general description of the toaster contained in the specifications is as follows: "This toaster is formed of a base and the parts connected thereto, an inner and two outer heating elements and the supports therefor, a toast carrier slidable on the base between the heating elements and a top plate which is preferably flat and formed with slots through which hot air may rise to heat utensils placed thereon."

Claim 11, the claim sued upon, reads: "11. A toaster comprising a base, a top, a series of heating elements extending between the base and the top, and casings for the outer heating elements, said base and top being perforated to permit upward flow of heated air."

The alleged infringing device is an electric toaster with a base and top and two parallel vertically positioned heating elements extending from the base to the top between which elements two slices of bread may be placed end to end for simultaneous toasting on both sides. Provision is made for air in limited quantity to enter the toasting chamber at the bottom, the amount being restricted by openings near the bottom of the outer casing and by extended flanges at the bottom of the heating element supports. These flanges are widened to such a degree as to leave a comparatively narrow slot, with the result that only a limited quantity of air can pass into the toasting chamber. Important distinctions between plaintiff's commercial device and that of defendant are that plaintiff's is obviously intended to toast simultaneously a plurality of slices of bread placed parallel to each other and inserted from the end of the toaster by means of a toast carrier slidable on the base, while in defendant's device the toasting of a plurality of slices simultaneously can be accomplished only by insertion from the top and by placing the slices end to end on a device for raising and lowering in the toasting chamber. Plaintiff's device contains a series of heating elements consisting of an inner or central one and two outer elements. Defendant's device has only a single casing which surrounds both heating elements, while plaintiff's has two casings (one adjacent to each of the outer heating elements). Each of these casings has restricted openings in its base and in its top, thereby permitting an upward flow of heated air through said casings. The purpose of these casings is shown by the record to be to provide a means to reduce excessive temperature in the outer heating elements, thereby prolonging the life of these elements and aiding in obtaining the desired quality of toast.

Because of the former adjudication of validity of claim 11 and of the views the court has upon the issue of infringement now under consideration, no extended discussion of the additional prior art

---

* No opinion for publication.

patents cited by defendant is necessary. The patents relied upon by defendant as closest additional references are Stehman, No. 1,416,992, Harris, No. 713,635; and Strite, No. 1,440,643. Careful consideration of these patents results in the conclusion that none of them, nor all considered collectively, result in such a materially better record against the validity of claim 11 as to present a convincing showing that the former adjudication was erroneous. It is, however, the opinion of the court that defendant's device does not infringe. There is in defendant's structure no "series of heating elements" nor are there "casings for the outer heating elements." When interpreted in the light of the drawings and specifications and considered in connection with the other claims of the patent, it is obvious that the words "series of heating elements" necessarily means no less than three. The process involves the toasting of at least two slices of bread placed in parallel position, the heat being applied from three elements spaced apart laterally. The problem of so regulating the temperature of the electric heating elements as to prevent it from becoming higher than is necessary, and to thereby add to the durability, is met in the patent in suit by an air chamber or chimney formed by the casings adjacent to each of the outer heating elements. In defendant's device, as already indicated, there are to be found neither this series of heating elements nor the casings. In defendant's structure both of the heating elements are inclosed within a single casing. No separate casings are found adjacent to the heating element for the purpose of carrying therein an upward flowing current of air which has the effect of lowering the temperature of the outer resistance elements. In claims 7, 8, 9, and 10 of plaintiff's patent, reference is made to "a pair of heating elements." This language is absent from claim 11. It is the view of the court that claim 11 must be limited to a toaster comprising a series of heating elements, and having separate casings adjacent to the heating element for regulation of temperature by upward flowing current of air in limited quantities.

Claim 1 of patent No. 1,820,885 is as follows: "1. In a toaster, a heating element comprising, a continuous length of sheet metal bent into rectangular form and having its ends connected, the upper and lower sides of the frame having spaced apart opening therethrough, a continuous coil of resistance wire located between the upper and lower sides of the frame, means secured in the end openings of the lower side of the frame to which the ends of said coil are permanently secured, and hooks secured at the openings in the upper side of the frame and the remaining openings in the lower side of the frame around which the coil is passed."

It being the view of the court that claim 1, even if valid, is not infringed, no discussion of the issue of validity is necessary. It is obvious that claim 1 is of a very specific and limited character. It is drawn with a heating element of a limited kind. The first element of the claim is "a continuous length of sheet metal bent into rectangular form and having its ends connected." It is obvious that defendant does not use a continuous length of sheet metal with connected ends. Plaintiff has taken a strip of sheet metal, punched holes into it, and bent it into a rectangular frame and has riveted the ends together. Defendant has used a sheet of metal, has removed portions from the corners, and has bent the edges into flanges with sufficient width to make a frame for support of the heating elements. The ends of the flanges are not connected, and the process does not result in a continuous length of sheet metal.

In the case of Deubener v. R. Brownson & Co. (C.C.A.) 20 F.(2d) 324, it was said: "The patent being for an improvement upon an article so well known and used in the trade as a paper or other fibrous open-topped collapsible bag, the claim of the patent alleged to have been infringed must receive a narrow or restricted meaning, and any like article made or used by another, that does not embody the precise improvement claimed by plaintiff in his patent, does not infringe thereon."

It results that a decree must be entered dismissing the bill of complaint.

This opinion is adopted by the court as its findings of fact and conclusions of law, and is hereby made a part of the record.